IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-176-BO

| | |
|---|---|
| VERLENA MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ) | |
| CAMPBELL UNIVERSITY, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the defendant's partial motion to dismiss. [DE 12]. For the reasons that follow, defendant's partial motion to dismiss [DE 12] is GRANTED.

## BACKGROUND

On March 13, 2018, plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC). DE 2-2. In the charge, plaintiff alleged discrimination based on race, retaliation, and hostile work environment. *Id.* The EEOC investigated the matter and mailed plaintiff a Right to Sue letter in January 2019. DE 2-5.

In May 2019, plaintiff initiated this action. The action is brought for employment discrimination pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634, the Civil Rights Act of 1866, and North Carolina Equal Employment Practices Act.

## DISCUSSION

Defendant has moved to dismiss plaintiff's age discrimination claim pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the

court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678.

The scope of the Plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents. *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). A claim is generally barred if the EEOC charge alleges one type of discrimination, such as race, and the lawsuit alleges a different type of discrimination, such as sex. *See id.* Indeed, a "plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005).

Here, plaintiff did not base her EEOC charge on age discrimination. DE 2-2. The "age" box was not checked, and a review of plaintiff's narrative explanation contains nothing that could reasonably be construed as age discrimination. Rather, the entirety of the EEOC charge is focused on racial discrimination.

Plaintiff did not exhaust her administrative remedies with respect to age discrimination. Accordingly, plaintiff has failed to allege an age discrimination claim upon which relief can be granted. Defendant's partial motion to dismiss is granted and plaintiff's age discrimination claims are dismissed.

2

## CONCLUSION

For the above reasons, defendant's partial motion to dismiss [DE 12] is GRANTED and plaintiff's age discrimination claims are DISMISSED.

SO ORDERED, this 15 day of October, 2019.

                                      *Terrence Boyle*
                                      TERRENCE W. BOYLE
                                      CHIEF UNITED STATES DISTRICT JUDGE